CHRISTOPHER C. TOBIE *versus* CHARLES H. SMITH.

In an action for *use and occupation*, where a third person, during the time, was in the actual occupation of the premises, and there was no letting to the defendant, and the only extent of his undertaking was, that he would pay the subsequently accruing rent; such an agreement cannot make the defendant liable in such an action.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

The ruling and instructions, in the District Court, are so rendered upon the particular language of the witnesses, that a copy, instead of an abstract of the exceptions is given.

" Western District Court, Cumberland, March term, 1848. *Christopher C. Tobie v. Charles H. Smith.*

" This was an action of assumpsit on an account annexed, for use and occupation, &c., as per writ, which may be referred to, as part of the case. The house was owned by one Benjamin Lord, and leased by him, by parol to the plaintiff. The plaintiff claimed to have underlet the premises to the defendant, and that he had had the use and occupation of them, by virtue of a parol agreement, testified to by Charles Harris, which was substantially as follows : — that he, the said Harris, sometime in the spring of 1847, heard a conversation between the said Charles H. Smith and the plaintiff, in relation to a house in Federal Street ; that Mr. Smith agreed to be responsible for the rent. The reason for this, as the witness understood from their conversation, was that the owner was unwilling for him, Smith, to occupy the house unless the plaintiff would be responsible. Something was said about Smith's father and mother occupying the house. Smith said he was

willing to pay the rent in advance. The plaintiff did then agree to be responsible to the owner, for the rent, if Smith would be accountable to him. And Smith agreed to be so accountable to the plaintiff. The witness did not see Smith pay any money, and has not seen the defendant since, to his knowledge. The witness understood that Smith's father and mother were then in the occupation of the house, and that the plaintiff was unwilling they should occupy the house, unless the defendant would be responsible for the rent.

" Benjamin Lord testified that he leased the premises by parol to the plaintiff, from the 19th of October, 1846, to September 25, 1847, and received from him the rent, at the rate of $120, per annum, and that the plaintiff informed him in May, 1847, that a woman lived in the house, by the name of Smith, who was a cousin of his, and that Mrs. Smith occupied it two months after the plaintiff gave it up, in September, 1847, and made the bargain with him for it, for said two months. And that the plaintiff said he would be accountable to the witness for the rent, till he gave him notice to the contrary, which was given September 25, 1847, when he considered Mrs. Smith his tenant, and received the subsequent rent of her.

" Augustine Tobie testified that he was a son of the plaintiff, that in September, 1847, he heard a conversation between the defendant and his father, that the defendant said he had left a note of $100, with his mother to collect and pay the rent of the house, that his mother was acting as his agent for this purpose. That the defendant admitted that he had told the plaintiff if he would let his father and mother have, and occupy the house, he, the defendant, would be responsible for the rent, but he did not wish to pay it twice, that he knew he was holden and would pay it.

" Upon the above testimony of the plaintiff, the defendant moved the Court to order a nonsuit, which the Judge declined to order.

" The defendant then introduced Mrs. Nancy Smith, the mother of the defendant, who testified that she was the cousin of the plaintiff, and that in May, 1847, (she thinks the 14th)

she hired the house of the plaintiff, that she, with her husband, made the agreement with him at the rate of $120 rent per year, that she was to pay $10 per month rent in advance, but agreed for no specified time ; that she sent up the money for the first month's rent the next day by her son, Charles H. Smith, the defendant, a receipt was taken by him of the plaintiff, dated May 20, 1847, which makes a part of the case, that she was then in the occupation of the house, that when the next rent became due according to the agreement she had made, the plaintiff then called on her for the pay, that she promised him that she would pay it promptly if he would wait till the expiration of two months, to which he assented. That her son was at home but a few days while she occupied the premises and then boarded with her and paid for his board. That the plaintiff frequently called on her and demanded the rent after-wards. That her son, the defendant, was absent at sea most of the time, and it did not distinctly appear whether he was or was not at home at any one time when the plaintiff called on her for rent. She also testified that Charles H. Smith never hired or occupied the house to her knowledge.

" The Judge instructed the jury that an interest in real estate could not be conveyed by one to another by parol, that a verbal lease could not be enforced, that no action could be maintained upon it. That it could not be set up effectually against the owner of the estate to keep him out of it, that if a person in fact occupies under a verbal lease he is under obligation to pay the rent he has engaged to pay, or so much as it is worth. That a man may occupy personally or by others. That no person is liable to pay the debt or to answer for the default or misdoing of another unless he promises to do so in writing. That they would consider and determine in this case whether the credit was given to Charles H. Smith or to his father or mother. That if the credit was given to them or either of them originally and he only undertook to be responsi-ble for the rent in the event of their failure to pay it, then this action could not be maintained. That as no time was agreed upon, and the rent to be paid was to be paid monthly in ad-

Tobic *v.* Smith.

vance, the plaintiff would have a right to resume the possession of the premises at the expiration of the first month, if the rent for the second month was not paid according to the agreement. That if there was an original agreement with Mrs. Smith, such as she had stated, for the first month, they would inquire whether it was abandoned and a new agreement made with the defendant in lieu of it as to the rent after the first month, for which she testified she had sent the money in advance. That the plaintiff had a right to insist upon such an agreement or possession of the premises, notwithstanding the agreement testified to by the mother of the defendant, after the expiration of the first month. After the charge was concluded the Judge declined to give certain other instructions, in the language of the counsel for the defendant, which are hereunto annexed, which did not seem to present any material point upon which he had not already instructed the jury.

"To which rulings and instructions, and that the Judge declined to instruct the jury as requested by defendant's counsel, the defendant excepts and prays that the exceptions may be allowed and signed.

"By J. H. WILLIAMS, his Attorney."

"The foregoing exceptions having been duly taken and reduced to writing and presented to me in open Court, and before the adjournment thereof without day, and being found conformable to the truth, are allowed.

"DANIEL GOODENOW, Judge of Western Dist. Court."

"The defendant's counsel requested the Judge to instruct the jury as follows: —

"1st. That if there was an original letting of the premises to Mrs. Smith and an occupation of the same by her under a promise to pay rent to Tobie, and she was in possession of the same prior to any verbal promise by defendant to be responsible, the plaintiff was not entitled to recover.

"Also, that it was not in the power of the plaintiff to terminate the tenancy of Mrs. Smith at once, without her knowledge and assent.

"Also, that if the jury were satisfied that the defendant had never used or occupied said premises, nor any person under him, but the same were occupied by an acknowledged tenant of the plaintiff and of whom he demanded rent monthly, the plaintiff was not entitled to recover.

"Also, that if there was an original letting and credit given to Mrs. Smith, a promise by the defendant, (while she is in occupation of the premises) to pay rent, to bind him must be in writing and signed by him, and if the plaintiff recognized Mrs. Smith as tenant after the conversation testified to by Harris, between the plaintiff and defendant, the plaintiff should not recover.

"Upon the foregoing points, made by the defendant's counsel, the Judge declined instructing the jury, and to his rulings as set forth and to his declining to instruct the jury as requested, the defendant excepts and prays that the exceptions may be allowed and signed. "By J. H. WILLIAMS, his Attorney."

*J. H. Williams*, for the defendant, complained that the language of the instructions, was not such as would be understood by the jury. Enough, however, may be understood, to show that they were erroneous, especially when viewed in connexion with requested instructions, which were refused.

Mrs. Smith was in the occupation of the premises before the alleged promise of the defendant, and so continued afterwards. She never gave up the tenancy under the plaintiff, and he could not terminate it under thirty days at least. Rev. Stat. c. 95, § 19; 22 Maine R. 395; 25 Maine R. 286, 287. Any verbal promise to pay the rent of the house, when in the occupation of Mrs. Smith would be void. Considering this sufficient to obtain a new trial, he would not now urge the other objections.

*Sweat*, for the plaintiff, said that the jury had found, under the instructions of the presiding Judge, that the credit was given originally to the defendant, and that Mrs. Smith gave up her tenancy under the plaintiff, and became the tenant of the defendant. There could be no lease by parol, which could not be given up by parol; and therefore, the former tenant

could give up at pleasure her tenancy under the plaintiff, and become the undertenant of the defendant. The occupation of the mother of the defendant was, therefore, the same, as if by him personally. Rev. Stat. c. 91, § 30; 9 Shepl. 395; 9 Greenl. 62; 8 Shepl. 308 and 410; 6 Pick. 509; 1 Pick. 43. The court rightly declined to give the instructions requested, because the Judge had already given all the instructions that were proper.

The opinion of the Court was drawn up by

WHITMAN C. J. — As this case comes before us upon exceptions to the decision of the court below, we have only to look to what was there decided, and excepted to. The action is for use and occupation. It is not pretended that the defendant ever actually occupied the tenement; but his parents did, and were·in the occupation of it at the time when he agreed with the plaintiff, as testified to by the witness, Harris. If he had actually entered into possession, or had been the original lessee, by parol, and had underlet it to his parents, he would have been responsible in this form of action for the rent. *Bull* v. *Sibbs*, 8 T. R. 327. But there is no ground for pretending that he ever had any agency in putting his parents into possession, or that he ever underlet the tenement to them.

The error in the decision of the court below, consisted in putting the cause to the jury upon the hypothesis, that there was evidence upon which they would be authorized to find, that the defendant was, by his agents, his parents, a tenant to the plaintiff; which the evidence, even on the part of the plaintiff, did not tend to show; but rather the contrary; for Harris, the witness, mainly and solely relied upon as to the original undertaking on the part of the defendant, testified that the defendant's parents, as he understood, were, at the time, in the occupation of the premises; and that the plaintiff was unwilling they should continue to occupy the same, unless the defendant would be responsible for the rent. There was no pretence in form of a letting to the defendant; and, therefore, none that he could have entered and ejected the occupants.

The whole extent of the undertaking on his part was, that he would pay the subsequently accruing rent. Such an agreement could nòt make him liable in an action for use and occupation; and such should have been the instruction to the jury by the court.

Whether the defendant was or not a guarantor, that the rent should be paid, need not be considered in this form of action; and the maintenance of it was not put upon any such ground. And the case of *Blake* v. *Parlin*, 22 Maine R. 395, may be an authority decisively against the maintenance of an action upon the guaranty.                    *Exceptions sustained.*